IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ETHELEN WILLIAMS §<br>    Plaintiff, §<br> §<br>v. §<br> §<br>CARNIVAL CORPORATION §<br>D/B/A CARNIVAL CRUISE LINE §<br>    Defendant. § | CAUSE NO. 3:21-cv-00036 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Carnival Corporation ("Carnival"), pursuant to 28 U.S.C. §§ 1332, 1333 and 1441, and pleading and reserving its rights pursuant to Rules 12(b)(1) through 12(b)(7), gives notice of removal of this case from the 10th Judicial District Court, Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

## I.
## INTRODUCTION

Plaintiff Ethelen Williams filed this action against Carnival for alleged personal injuries in the 10th Judicial District Court, Galveston County, Texas, on January 19, 2021, and the case was assigned cause number 21-CV-0084.

Plaintiff's Original Complaint alleges that Ethelen Williams sustained an injury on or about June 15, 2019, aboard the *Carnival Vista*, when the closet door in her cabin fell on her resulting in an injury to her head and back. Plaintiff claims that venue is proper in Galveston County because Carnival does a substantial amount of business in the county, and a substantial portion of events occurred in Galveston County.

This Court occupies the district and division in which Plaintiff's Original Complaint was filed. 28 U.S.C. § 1446(a).

Plaintiff served Carnival by mail with Plaintiff's Original Complaint on January 29, 2021. This Notice is timely filed within thirty days of service. 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Texas. Defendant is a citizen of Florida. Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999). Plaintiff alleges "severe and permanent injuries," as well as a loss past wages and future earning capacity.  Pl.'s Orig. Compl. at ¶¶ 8, 9.

Removal is also proper because Plaintiff's suit involves the original admiralty jurisdiction of this Court. Plaintiff has alleged personal injuries occurring on the navigable waters of the United States. The amended removal statute does not preclude removal of maritime claims. 28 U.S.C. §§ 1333, 1441. *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 779 (S.D. Tex. 2013) (Miller, J.) (denying remand "[b]ecause all of Plaintiffs' claims are admiralty claims over which a federal district court has original jurisdiction and the revised removal statute does not limit the removal of these claims").

Plaintiff's claims also clearly fall within the admiralty and maritime jurisdiction of this Court as this case involves passage under a cruise ticket contract, a maritime contract governed exclusively by general maritime law. *See Wilkinson v. Carnival Cruise Lines*, 920 F. 2d 1560, 1564 n.10 (11th Cir. 1991); *Keefe v. Bahamas Cruise Lines, Inc.*, 867 F. 2d 1318, 1320-21 (11th Cir. 1989).

## III.
## JURY DEMAND

Plaintiff has not demanded a jury in the state district court action.

## IV.
## NOTICE TO STATE COURT AND ADVERSE PARTY

As a removing party, Carnival will give prompt written notice of this Notice of Removal as required by 28 U.S.C § 1446(d). Carnival will also file a copy of this Notice of Removal with the clerk of the court of the state district court action.

## V.
## DOCUMENTS FILED WITH THIS NOTICE

Carnival files the following documents with the court:

Exhibit A    An index of matters being filed with this notice (pursuant to Local Rule 81.5);

Exhibit B    Plaintiff's Original Complaint in the state court case (pursuant to Local Rule 81.2);

Exhibit C    The docket sheet in the state court case (pursuant to Local Rule 81.4);

Exhibit D    A list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case (pursuant to Local Rule 81.6); and

Exhibit E    A copy of all executed process in the case (pursuant to Local Rule 81.1); and

Exhibit F    A copy of the Notice of Removal to Federal Court to be filed with the state court.

There were no orders filed in the state court case.

## VI.
## CONCLUSION

Defendant Carnival Corporation removes this case from the 10th Judicial District Court, Galveston County, Texas, to this court.

Respectfully submitted,

**Holman Fenwick Willan USA LLP**

*/s/ Jeanie Tate Goodwin*
Jeanie Tate Goodwin (attorney-in-charge)
Texas Bar No. 24046949
SDTX No. 592456
jeanie.goodwin@hfw.com
5151 San Felipe, Suite 400
Houston, TX 77056
Phone: (713) 917-0888
Facsimile:  (713) 953-9470
**ATTORNEY FOR DEFENDANT CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE**

**OF COUNSEL:**
**Holman Fenwick Willan USA**
James T. Brown
Texas Bar No. 03138150
SDTX No. 11656
jim.brown@hfw.com
Svetlana S. Sumina
Texas Bar No. 24106480
SDTX No. 3621621
svetlana.sumina@hfw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy was served ECF on this 22nd day of February 2021 via electronic filing.

Allena J. Wright
1415 North Loop West, Suite 305
Houston, Texas 77008
attorneyajwright@yahoo.com

*/s/ Jeanie Tate Goodwin*
Jeanie Tate Goodwin

4

HOUIMAN\832878-3